IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. CR413-007 |
| ) | |
| JACK LEE BROWN, ) | |
| ) | |
| Defendant. ) | |

O R D E R

Before the Court is Defendant Jack Lee Brown's Motion for Compassionate Release (Doc. 934), which the Government opposes (Doc. 945). For the following reasons, Defendant's motion (Doc. 934) is **DENIED**.

BACKGROUND

In July 2013, Defendant Brown pleaded guilty to conspiracy to distribute a quantity of powder cocaine, crack cocaine, and marijuana. (Docs. 377, 378.) Defendant was sentenced to 112 months' imprisonment, followed by 5 years of supervised release. (Doc. 478.) In June 2015, Defendant's term of imprisonment was reduced to 91 months. (Doc. 748.) According to the BOP website, Defendant is currently incarcerated at the Schuylkill Federal Correctional Institution ("FCI") in Minersville, Pennsylvania with a projected release date of June 22, 2021. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on July 14, 2020).

## ANALYSIS

Defendant seeks compassionate release due to the COVID-19 pandemic. (Doc. 934 at 1.) Defendant contends that he suffers from Type 2 diabetes, high blood pressure, and high cholesterol and that these medical conditions place him at a higher risk of contracting COVID-19 or suffering greater complications. (Id. at 3.) Defendants further argues that, while he is currently appealing the warden's request on his compassionate release request, requiring him to exhaust his administrative remedies before seeking redress in this Court is futile and any such requirement should be waived. (Id. at 4.) The Government opposes Defendant's request and argues that Defendant has not established an extraordinary and compelling reason to justify early release, specifically as it relates to a qualifying medical condition as required under U.S.S.G. § 1B1.13. (Doc. 937 at 1.)

The Court finds that Defendant's motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) must be denied. 18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

In this case, Defendant claims that he requested early release from the warden, that his early release request was denied, and that he appealed the denial, which has also been denied. (Doc. 934 at 3.) The Government states in its response that Defendant appears to have exhausted his administrative remedies. (Doc. 937 at 6.) However, even assuming Defendant has exhausted his administrative remedies, he has not provided "extraordinary and compelling reasons" that warrant a reduction in his sentence. Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release,

the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that he suffers from Type 2 diabetes, high blood pressure, and high cholesterol and that these medical conditions place him at a higher risk of contracting COVID-19 or suffering greater complications. (Doc. 934 at 3.) Although these are chronic conditions, Defendant has failed to demonstrate the severity of his illnesses or the effect these conditions have on his ability to care for himself in the facility. United States v. Smith, No.

4

8:17-CR-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); United States v. Johnson, No. CR 108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020). Moreover, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."); Johnson, 2020 WL 2449343, at *1 ("His generalized concern about possible exposure [to COVID-19] is at this point too speculative to qualify as extraordinary and compelling."). Accordingly, the Court finds that Defendant is not entitled to a reduction of his term of imprisonment at this time.

## CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion for Compassionate Release (Doc. 934) is **DENIED**.

SO ORDERED this 16th day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5