IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR413-007 |
| | ) | |
| JACK LEE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is Defendant Jack Lee Brown's Emergency Motion for Reconsideration (Doc. 957), which the Government opposes (Doc. 962). Defendant has also moved to supplement his response to the Government's Motion for Clarification to add Defendant's Summary Reentry Plan—Progress Report. (Doc. 966 at 1.) Defendant's Motion to Supplement (Doc. 966) is **GRANTED**. For the following reasons, however, Defendant's Emergency Motion for Reconsideration (Doc. 957) is **DENIED**.

This Court denied Defendant's motion for compassionate release on July 16, 2020. (Doc. 947.) Defendant now moves for reconsideration of that order and argues that the Court did not address "the heart" of Defendant's motion because (1) the Government now recognizes that Defendant has medical conditions that qualify as "extraordinary and compelling reasons" justifying compassionate release, and (2) FCI Schuylkill has positive COVID-19 cases. (Doc. 957 at 2.)

The Government, it its motion for clarification, acknowledges that Defendant's type 2 diabetes qualifies as an extraordinary and compelling reason justifying compassionate release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 and Defendant's hypertension "might" qualify. (Doc. 948 at 5-6.) However, the Government argues that Defendant's motion should be denied because Defendant, even with his health conditions, is relatively healthy and because the 18 U.S.C. § 3553(a) factors weigh against compassionate release. (Doc. 962.)

Even accepting that Defendant's medical conditions constitute compelling and extraordinary reasons to support a request for compassionate release, the Court finds that Defendant's motion is still due to be denied. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). The Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. Section 3553(a) provides the following factors for the court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and

D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) the kinds of sentences available;

4) the kinds of sentence and the sentencing range established . . .;

5) any pertinent policy statement . . .;

6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant had an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United States v. Rodd, No. 19-3498, 2020 WL 4006427, at *6 (8th Cir. July 16, 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, No. 20-2033, 2020 WL 3483740, at *2 (3d Cir. June 26, 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In July 2013, Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana. (Doc. 378.) During his sentencing hearing, the Court

noted Defendant's extensive criminal history, which was not assessed when computing Defendant's criminal history points. (Doc. 504 at 19.) The Court also noted the nature of the offense which involved a large-scale drug conspiracy and of which Defendant's involvement spanned numerous meetings, trips, and a considerable period of time. (Id.) Finally, this Court acknowledged the fact that the offense involved approximately 23 kilograms of cocaine hydrochloride and the extreme danger that it presented to the community. (Id.)

While the Court is sensitive to the concerns that Defendant has for his health and safety due to the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted. Considering the § 3553(a) factors, the Court is instructed to consider the need of the sentence imposed to "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). The Court does not find that the sentence imposed should be reduced. Reducing Defendant's sentence would not reflect the seriousness of the offense or provide just punishment. Considering the facts surrounding this offense,

namely that Defendant participated in a large-scale drug conspiracy, the Court finds that reducing Defendant's sentence to time served would not reflect the seriousness of the crime. Additionally, the Court finds that reducing Defendant's term of imprisonment would not adequately provide a deterrence to criminal conduct and would not promote respect for the law. As this Court discussed during Defendant's sentencing hearing, Defendant has an extensive criminal history. The factors weigh against reducing Defendant's sentence. Accordingly, the Court finds that a reduction in Defendant's term of imprisonment is not warranted at this time.

**CONCLUSION**

Accordingly, based on the foregoing, Defendant's Emergency Motion for Reconsideration (Doc. 957) is **DENIED.** Defendant's Motion to Supplement (Doc. 966) is **GRANTED.**

SO ORDERED this *24th* day of August 2020.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA